No. 50,801

SHERYL BARTON, *Petitioner,* v. HARRY MILLER, Administrative Judge, Wyandotte County District Court, RICHARD D. SHANNON, Court Administrator, Wyandotte County District Court, HELEN ZAGAR, Clerk, Wyandotte County District Court, DOROTHY KOSKA, Chief Deputy Clerk, Wyandotte County District Court, *Respondents.*

(592 P.2d 921)

Opinion filed March 31, 1979.

*Lloyd Koelker,* of Kansas City, was on the brief for the petitioner.

*Bruce E. Miller,* deputy attorney general, and *Robert T. Stephan,* attorney general, were on the brief for the respondents.

The opinion of the court was delivered by

FROMME, J.: The petitioner filed an original action in mandamus for an order to compel the respondents, officials of the Wyandotte District Court, to permit the filing of certain civil actions between tenants and landlords under the Small Claims Procedure Act. K.S.A. 61-2701 *et seq.*

The facts giving rise to the action are not in dispute. Petitioner Sheryl Barton of Wyandotte County, Kansas, terminated her tenancy in a rental apartment in that county and moved from the premises. The operators of the apartment failed or refused to return a security deposit of $100 which was allegedly held contrary to the provisions of the "Residential Landlord and Tenant Act." K.S.A. 58-2540 *et seq.* Petitioner thereafter attempted to file a claim for recovery of the security deposit together with damages, a total of less than $300, under the "Small Claims Procedure Act." K.S.A. 61-2701 *et seq.* Petitioner was advised by the respondents that cases arising out of landlord-tenant situations were not accepted under the Small Claims Procedure Act. This original action was filed.

The respondents allege they have consistently refused to accept filings under the Small Claims Procedure Act for claims of money and damages arising out of the landlord-tenant relationship,

irrespective of the dollar amount of the claims. The respondents' position is that the Code of Civil Procedure for limited actions (K.S.A. 61-1601 *et seq.*) must be used for such actions rather than the Small Claims Procedure Act, K.S.A. 61-2701 *et seq.*

That position is based upon the present wording in K.S.A. 58-2542, which reads:

"The district court, shall have jurisdiction over any landlord or tenant with respect to any conduct in this state governed by this act or with respect to any claim arising from a transaction subject to this act, and notwithstanding the provisions of subsection (*b*) of K.S.A. 61-1603, and any amendments thereto, such actions may be commenced pursuant to the code of civil procedure for limited actions. Unless otherwise specifically provided in this act, the code of civil procedure for limited actions shall govern any action commenced pursuant to this act."

In the 1976 session of the Kansas Legislature a bill was introduced to amend K.S.A. 58-2542 as it now appears. The prior law specifically required the filing of landlord-tenant actions under the Small Claims Procedure Act. This requirement was stricken from the bill as amended, see L. 1976, ch. 240, p. 868. The respondents construe that change as preventing the filing of landlord-tenant actions under the Small Claims Procedure Act. From this they reason such actions can only be filed under the Code of Civil Procedure for limited actions. We do not agree.

As previously noted the last sentence of K.S.A. 58-2542, which is part of the landlord and tenant act, states: "Unless otherwise specifically provided in this act, the code of civil procedure for limited actions shall govern any action commenced pursuant to this act." In conjunction with this, K.S.A. 61-2702, a section of the Small Claims Procedure Act, must be considered. It reads in part:

"This act shall apply to and be an alternative procedure for the processing of small claims pursuant to the code of civil procedure for limited actions, and the provisions of this act shall be part of and supplemental to the code of civil procedure for limited actions, and any acts amendatory thereof or supplemental thereto."

It appears the foregoing provision establishes that the Small Claims Procedure Act is a part of the Code of Civil Procedure for limited actions. When read together with the previously quoted portion of K.S.A. 58-2542 we conclude the Small Claims Procedure Act may be utilized to resolve a claim arising under the Residential Landlord and Tenant Act, so long as the claim meets the statutory definition of a "small claim" as provided in K.S.A. 61-2703.

Part of the confusion in this area of the law arose by reason of changes made necessary when the unified court system was adopted. In 1975 there was a separate magistrate court as defined by K.S.A. 1974 Supp. 61-1602. It had jurisdiction over actions arising under the Residential Landlord and Tenant Act. The law then provided:

"Unless otherwise specifically provided in this act, the code of civil procedure before courts of limited jurisdiction shall govern any action commenced pursuant to this act, except that any such action in which the amount sought to be recovered does not exceed three hundred dollars ($300) *shall be commenced* under and governed by the small claims procedure act unless the plaintiff is prohibited from commencing such action pursuant to the small claims procedure act because such plaintiff has filed five (5) claims under such act in the same court during the same calendar year, in which case such plaintiff may commence the action in a *magistrate court as hereinbefore provided.*" L. 1975, ch. 290, § 3. Emphasis supplied.

In 1976 after court unification the magistrate court was abolished and the unified district court emerged. The above law was then amended by L. 1976, ch. 151, § 7. Jurisdiction over residential landlord and tenant matters was given to the district court and the law provided "such actions *may be commenced* pursuant to the code of civil procedure for limited actions." The former mandatory language was replaced by the permissive. Thus, prior to the 1976 amendment, actions in which the amount of controversy was $300 or less were required to be filed and processed under the Small Claims Procedure Act. The deletion of the mandatory language and the substitution of permissive language did not preclude filing a landlord-tenant action in the district court under the Small Claims Procedure Act. It merely permitted that filing along with possible filing under the Code of Civil Procedure for limited actions.

Under small claims procedure parties cannot be represented by an attorney prior to judgment. However, in cases where a claimant desires to have the assistance of his attorney the action may be filed under the Code of Civil Procedure for limited actions. K.S.A. 61-1601 *et seq.* The choice of procedure is open to the claimant in landlord and tenant cases.

We hold that actions brought under the Residential Landlord and Tenant Act for the recovery of money and damages may be filed under the Small Claims Procedure Act when the claims meet the definition of a small claim as limited in K.S.A. 61-2703.

The petition for writ of mandamus is granted. The respondents and each of them are hereby ordered to allow the filing and disposition of claims involving landlord and tenants which meet the definition of a small claim as limited in K.S.A. 61-2703 under the small claims procedure, including the claim of this petitioner.

HERD, J., not participating.